UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GATEWAY PLASTICS, INC. | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 17-cv-3428 |
| TRI-DELTA PLASTICS, INC. | ) | |
| Defendant. | ) | |

**COMPLAINT**

Gateway Plastics, Inc. ("Gateway"), by and for its Complaint against Defendant Tri-Delta Plastics, Inc. ("Tri-Delta"), alleges to the Court as follows:

**PARTIES**

1. Gateway is a company organized and existing under the laws of the State of Wisconsin, with a principal place of business located at 5650 W. County Line Rd., Mequon, Wisconsin 53092.

2. Gateway is informed and believes that Defendant Tri-Delta is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business located at 208 Cougar Ct., Hillsborough Township, New Jersey 08844.

**JURISDICTION**

3. This is an action for patent infringement arising out of Tri-Delta's unauthorized manufacturing, use, offering for sale, and sale of plastic caps in violation of Gateway's patent rights. Because this is an action for infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

4. This Court has personal jurisdiction over Tri-Delta in that, at all times pertinent hereto, upon information and belief, Tri-Delta is doing business and has systematic activities in this Judicial District and is committing infringing acts in Illinois and this Judicial District. More specifically, upon information and belief, Tri-Delta offers for sale and sells plastic caps, including the accused infringing plastic caps, online and through dealers and retail outlets in this Judicial District.

5. In particular, and without limitation, upon information and belief, Tri-Delta directly or indirectly sells the infringing caps to Joseph Antognoli & Company, located at 1800 N. Pulaski Rd., Chicago, Illinois 60639-4916. Upon information and belief, Joseph Antognoli & Company advertises and sells grated parmesan cheese under the brand name "Pagliacci" that uses the infringing caps. An example of such an advertisement is found on the company's website at http://www.josephantognoli.com/pagliacci.html.

## VENUE

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Tri-Delta is subject to personal jurisdiction in this Judicial District, due at least to Tri-Delta's substantial business and infringing sales in Illinois and this Judicial District.

## BACKGROUND

### THE PATENT-IN-SUIT

7. Gateway is the assignee and owner of United States Patent No. 6,308,870 ("the '870 patent"), which describes and discloses an innovative cap for a container.

8. The '870 patent, entitled "Apparatus for Covering a Container," was duly and

legally issued by the United States Patent and Trademark Office on October 30, 2001, from Application Serial No. 09/840,564, filed on April 23, 2001. A true and correct copy of the ’870 patent is attached hereto as **Exhibit A**.

## TRI-DELTA’S INFRINGING ACTS

9. Gateway owns the exclusive right, title, and interest in and to the inventions claimed in the ’870 patent.

10. Notwithstanding Gateway’s rights, Tri-Delta, without permission or authorization, is manufacturing, using, offering for sale, and selling certain plastic caps (“the Tri-Delta Cap”), including at least caps that Tri-Delta calls “70mm Flip Cap.” The 70mm Flip Cap is advertised by Tri-Delta on its website at http://trideltaplastics.com/products/caps/70mm_flip_cap/. A photograph of a 70mm Flip Cap from the Tri-Delta website is reproduced below as Figure 1:



Figure 1

11. Tri-Delta has sold infringing Tri-Delta Caps at least to Joseph Antognoli & Company for use on the Pagliacci brand grated parmesan cheese container and to Colonna Brothers for use on a Colonna brand parmesan cheese container. A photograph of an infringing Tri-Delta Cap on a Pagliacci brand grated parmesan cheese container is reproduced below as Figure 2:




Figure 2

12. A true and correct copy of a photograph of a Tri-Delta cap from a Pagliacci brand grated parmesan cheese container is attached hereto as **Exhibit B**.

13. Gateway is informed and believes that Tri-Delta continues to manufacture, use, offer for sale, and sell the infringing Tri-Delta Caps and continues to deliberately and willfully infringe the ’870 patent in violation of Gateway’s rights.

**<u>COUNT I</u>**

**INFRINGEMENT OF U.S. PATENT NO. 6,308,870**

14. Gateway repeats and realleges each and every allegation contained in paragraphs 1-13, inclusive, as though fully set forth herein.

15. The ’870 patent is valid and enforceable.

16. Gateway is the owner of all right, title, and interest in and to the inventions claimed in the ’870 patent. Gateway is entitled to receive all damages and the benefits of all other remedies for Tri-Delta’s infringement.

17. Without permission or authorization from Gateway and in violation of 35 U.S.C. § 271(a), Tri-Delta is manufacturing, using, offering for sale, and selling in this Judicial District and elsewhere in the United States, certain plastic caps, including, but not limited to, the Tri-Delta Caps that infringe at least claims 1 and 26 of the ’870 patent.

18. An annotated version of the photograph attached as **Exhibit B** is reproduced below as Figure 3:




Figure 3

19. Claim 1 of the ’870 patent recites “An apparatus for covering a dispensing container comprising . . . . ”

20. The Tri-Delta Cap as shown in Figure 3 is for covering a dispensing container.

21. Claim 1 of the ’870 patent further recites “a base having a raised spooning opening platform and a plurality of shaker openings and a spooning opening . . . .”

22. The Tri-Delta Cap shown in Figure 3 has a base with a raised platform with spooning and shaker openings.

23. Claim 1 of the ’870 patent further recites “a cover atop the base having a shaker flap and a spooning flap separated by a web so that the shaker flap is movable between an open position and a closed position in which the plurality of shaker openings are closed and the spooning flap is movable between an open position and a closed position in which the spooning opening is closed, and a shaker flap hinge defined by a shaker flap groove extending substantially across the cover, and a spooning flap hinge defined by a spooning flap groove extending substantially across the cover . . . .”

24. The Tri-Delta Cap shown in Figure 3 has a cover with a shaker and spooning flaps separated by a web. The flaps are movable between open and closed positions to close the openings. Spooning and shaker flap hinges are defined by grooves located at opposite lateral sides of the web, extending across an underside of the cover.

25. Claim 1 of the ’870 patent further recites “at least one projection extending from the spooning flap at an acute angle and providing a profile configured to form a releasable lock with the spooning opening when the spooning flap is moved to a closed position.”

26. The Tri-Delta Cap in Figure 3 has spooning and shaker flaps each having a projection extending at an acute angle from an underside of the flap to form a releasable lock with their respective openings when the flaps are moved to the closed position.

27. Thus, the Tri-Delta Cap meets every limitation of claim 1 of the ’870 patent.

28. Claim 26 of the ’870 patent recites “A lid for covering a dispensing container

comprising . . . .”

29. The Tri-Delta Cap as shown in Figure 3 is for covering a dispensing container.

30. Claim 26 of the ’870 patent further recites “a base having a cylindrical wall and a top, the base including a raised spooning opening platform containing a spooning opening and a raised shaker opening platform containing a plurality of shaker openings, and a concentric, downward-projecting sealing ring coupled to the base and configured to seal an opening on the dispensing container . . . .”

31. The Tri-Delta Cap in Figure 3 has a base with a cylindrical side wall and a top. The top includes a raised platform with spooning and shaker openings. The underside of the top of the base includes a concentric, downwardly-projecting ring that seals with an opening on a dispensing container.

32. Claim 26 of the ’870 patent further recites “a cover coupled to the top of the base, the cover having a web interconnected between a shaker flap and a spooning flap so that the shaker flap is movable between an open position and a closed position in which the plurality of shaker openings are closed and the spooning flap is movable between an open position and a closed position in which the spooning opening is closed, and a shaker flap hinge defined by a shaker flap groove extending substantially across the cover, and a spooning flap hinge defined by a spooning flap groove extending substantially across the cover . . . .”

33. The Tri-Delta Cap in Figure 3 has a cover coupled to the top of the base. The cover includes shaker and spooning flaps interconnected by a web. The flaps are movable between open and closed positions to close the openings. Spooning and shaker flap hinges are defined by grooves located at opposite lateral sides of the web, extending across an underside of the cover.

34. Claim 26 of the ’870 patent further recites “at least one projection extending from the spooning flap at an acute angle and providing a profile configured to form a releasable lock with the spooning opening when the spooning flap is moved to a closed position.”

35. The Tri-Delta Cap in Figure 3 has a spooning flap, each having a projection extending at an acute angle from an underside of the flap to form a releasable lock with the spooning opening when the flap is moved to the closed position.

36. Thus, the Tri-Delta Cap meets every limitation of claim 26 of the ’870 patent.

37. Tri-Delta has had knowledge of the ’870 patent since at least August of 2013.

38. In a letter dated August 22, 2013, Gateway notified Tri-Delta that its 70mm Flip Cap infringed the ’870 patent.

39. Tri-Delta had actual notice pursuant to 35 U.S.C. § 287 of the ’870 patent since at least the receipt of that August 22, 2013 letter.

40. Tri-Delta’s infringement of the ’870 patent has been and continues to be willful and deliberate.

41. Tri-Delta’s conduct has caused and will continue to cause Gateway substantial damage, including irreparable harm, for which Gateway has no adequate remedy at law, unless and until Tri-Delta is enjoined from infringing the ’870 patent.

## PRAYER FOR RELIEF

Wherefore, Gateway respectfully prays for entry of a judgment and relief as follows:

A. For a judgment that Tri-Delta has infringed the ’870 patent;

B. For a permanent injunction enjoining Tri-Delta and its agents, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the ’870 patent;

C. For a judgment and award that Tri-Delta account for and pay to Gateway damages adequate to compensate for Tri-Delta's infringement of the '870 patent, including lost profits but in no event less than a reasonable royalty;

D. For a judgment and award of any supplemental damages sustained by Gateway for any continuing post-verdict infringement of the '870 patent until entry of final judgment with an accounting as needed;

E. For a finding that Tri-Delta's infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284;

F. For an order finding that this case is exceptional under 35 U.S.C. § 285 and awarding Gateway its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Tri-Delta;

G. For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

H. For an award of such other relief to Gateway as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Gateway demands a trial by jury on all issues so triable.

Dated: May 5, 2017

**FOLEY & LARDNER LLP**

By: /s/ Andrew M. Gross
Jeffrey N. Costakos (*pro hac vac* forthcoming)
**Foley & Lardner LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400 (t)
(414) 297-4900 (f)
jcostakos@foley.com

Andrew M. Gross (ARDC #6299917)
**Foley & Lardner LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654
(312) 832-4532 (t)
(312) 832-4700 (f)
agross@foley.com

*Attorneys for Plaintiff Gateway Plastics, Inc.*